UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Vila,<br><br>    Plaintiff,<br><br>  v.<br><br>CBS Interactive Inc,<br><br>    Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Carlos Vila ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant CBS Interactive Inc ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Carlos Vila ("*Vila"*) created a Photographs of American fashion model and TV personality known as Gigi Hadid. American actor and filmmaker known as Bradley Cooper (the "*Photographs*") which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Upon information and belief, Defendant operates under a business model that combines traditional broadcast television with digital streaming and other media platforms. It generates revenue through advertising, affiliate fees paid by distributors, and direct-to-consumer subscription revenue from streaming services. It also produces and distributes content, competing with other studios and distributors.

4. Defendant owned and operated a website at popculture.com (the "*Website*") at the time of the conduct complained of herein.

5. Defendant, without permission or authorization from Plaintiff, actively displayed

1

the Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Carlos Vila is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

7. Upon information and belief, defendant CBS Interactive Inc, is an individual who is a citizen of the State of New York with a principal place of business at 51 West 52nd Street, New York in New York County, New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's Photographs portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On December 27, 2023, Plaintiff first published a copy of each of the Photographs. A copy of the Photographs is attached hereto as <u>Exhibit 1</u>.

16. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

17. On December 27, 2023, the Photographs was registered by the USCO under Registration No. VA 2-381-540.

18. Plaintiff created the Photographs with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     <u>Defendant's Infringing Activity</u>**

19. Defendant is the registered owner of the Website and is responsible for its content.

20. Defendant is the operator of the Website and is responsible for its content.

21. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

22. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

23. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

24. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

25. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

26. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

27. Without permission or authorization from Plaintiff, on or about October 11, 2023, Defendant volitionally displayed the Photographs on the Website as part of an on-line story at URL: https://popculture.com/celebrity/news/gigi-hadid-bradley-cooper-spark-romance-rumors/. A screengrab of the Website including the Photographs is attached hereto as Exhibit 2.

28. Plaintiff first observed the Infringement on May 17, 2024.

29. Upon information and belief, the Photographs was displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter the unauthorized uses set forth above is referred to as the "*Infringements*").

30. The Infringements includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringements.

31. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

32. Upon information and belief, the Photographs was willfully and volitionally posted to the Website and Account by Defendant.

33. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

34. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

35. Upon information and belief, Defendant had complete control over and actively

reviewed and monitored the content posted on the Website.

36. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

37. Upon information and belief, Defendant monitors the content on its Website.

38. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

39. Upon information and belief, the Infringements increased traffic to the Website, in turn, caused Defendant to realize an increase in its business revenue.

40. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

41. Defendant's use of the Photographs harmed the actual market for the Photograph.

42. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

43. Upon June 21, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

44. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

45. Further, despite Plaintiff's notifications to and communications with Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

47. Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

48. The Photographs is an original, creative work in which Plaintiff owns a valid copyright.

49. The Photographs is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

50. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Website .

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

54. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: August 14, 2025

        **SANDERS LAW GROUP**

        By:   */s/ Craig Sanders*
        Craig Sanders, Esq.
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: csanders@sanderslaw.group
        File No.: 130138
        *Attorneys for Plaintiff*